Mr. H.C. Reynolds, Chairman Dallas County Election Commission 2002 West 4th Street Fordyce, Arkansas 71742
Dear Mr. Reynolds:
This is in response to your request for an opinion on whether it is legal for a candidate to run as an independent for mayor while at the same general election appearing on the ballot as the Democratic nominee for alderman.
Specifically, you indicate that a Mr. Charlie Smith, an incumbent alderman, filed as a Democrat for the office of city alderman of the City of Carthage and had no opposition in the primary, and thus is the Democratic nominee for this office at the general election. (The primary was held, I assume, in accordance with A.C.A. § 14-42-206 (Cum. Supp. 1993)). You note that now, Mr. Smith wants to file as an independent candidate for Mayor of Carthage and be on the general election ballot opposing the Democratic nominee for mayor. If he is allowed to file as an independent, he will be on the ballot twice, once as the Democratic nominee for alderman, and once as an independent candidate for mayor.
Although it is my opinion that the holding of these two positions simultaneously is contrary to law and therefore prohibited, I can find no prohibition against the name of this candidate appearing on the ballot as a candidate for both offices.
Independent candidates for municipal offices are required to file their petitions of nominations and political practice pledges not more than eighty nor less than sixty days prior to the general election. See A.C.A. §§ 14-42-206(b)(1) (Cum. Supp. 1993), and7-7-103(d)(2) (Repl. 1993). See also Op. Att'y Gen. 94-184
(copy enclosed). This is the filing that Mr. Smith is now attempting to make. Although A.C.A. § 7-7-103(f) provides that "[a] person who has been defeated in a party primary shall not be permitted to file as an independent candidate in the general election for the office for which he was defeated in the party primary," I can find no statutory prohibition against a successful primary candidate for one municipal office filing as an independent candidate for a different municipal office.[1] Neither have I found any provision of the common law which would prohibit the appearance of the candidate's name on the ballot for these two different positions.
The issue would appear to arise most often with regard to municipal offices, as the filing deadline for independent municipal candidates is substantially later than that applicable to "state, county, township, or district offices." Independent candidates for these offices must file as independents prior to the primary, usually by May 1. See A.C.A. § 7-7-103(b).
I can therefore find no legal prohibition against Mr. Smith filing as an independent candidate for mayor, although his name will also appear on the ballot as the Democratic nominee for alderman. Of course, this office has previously concluded that the same person can not serve as both mayor and alderman in the same city. See Op. Att'y Gen. 88-083 (copy enclosed). The actual holding of these two offices simultaneously is therefore prohibited.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] Of course, whether Mr. Smith's independent candidacy for mayor against a Democratic nominee violates any Democratic Party Pledge he may have signed is a matter for the Democratic Party. Although such pledges were recently abolished by the Democratic Party, Mr. Smith may have signed such a pledge prior to the 1994 primary. Its continued effect is also a matter for party officials.